GRANT O'BRIEN, PLAINTIFF IN ERROR, v. THE STATE OF
NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

It is error for the judge to charge the jury in a criminal case that where
the witnesses of the state, who testify to the criminal act, outnumber
those called by the accused, they are obliged to believe the state's
witnesses, provided the stories told by them are consistent.

On error to the Hudson Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GAR-
RISON and GUMMERE.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *James S. Erwin,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, J. The plaintiff in error having been indicted
for an assault upon one Raney with intent to kill, was con-
victed of a simple assault, and on that conviction was duly
sentenced. The validity of that judgment and of the pro-
ceedings upon which it rests is now challenged by him.

On the trial of the cause Raney and a witness named Lewis
were called by the state and testified to the assault. O'Brien,
the plaintiff in error, having been sworn as a witness on his
own behalf, contradicted the testimony of Raney and Lewis
and denied having committed the assault. These three wit-
nesses were the only persons who were present at the time the
assault was alleged to have been committed.

The principal assignment of error relates to what, it is con-
tended, was an incorrect statement by the trial judge in his
charge to the jury of the effect to be given to this testimony.
Having first recited to them the story of the assault as told
by Raney and Lewis, he proceeded as follows: "On the other

hand, O'Brien [the plaintiff in error] swears to an entirely different state of the case. He swears to that alone, and therefore *you are obliged to believe the witnesses of the state if they tell consistent stories.*"

In this instruction to the jury there was, in the opinion of this court, injurious error. Its effect was to deprive the plaintiff in error of the right to have the jury decide, after having seen the various witnesses and heard them testify, how much or how little credit should be given to the testimony of each. More than this, the accused was entitled to an acquittal unless the jury were satisfied beyond a reasonable doubt of his guilt after a consideration of all the testimony in the case, but by this charge they were required to convict him even though they were not so satisfied, if in their opinion the stories told by the witnesses for the state were consistent.

The judgment under review should be reversed and a *venire de novo* awarded.